# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY JOHNS,<br><br>                           Petitioner,<br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>                          Respondent. | Civil No. 15cv1556-DMS (NLS)<br><br>**REPORT AND RECOMMENDATION RE: GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. no. 7) |

## I.  Introduction

Petitioner Gerry Johns ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts two grounds for relief: 1) the California Board of Parole Hearings ("Board") failed to set a release date or calculate his prison sentence base term, which amounted to a denial of his liberty interest and a violation of his due process rights, and 2) his sentence violates the Eighth Amendment of the Constitution because it is disproportionate to the crime committed.  (Doc. no. 1 at 6-9.)  Pending before the Court is Respondent's Motion to Dismiss the Petition.  (Doc. no. 7.)  Having considered the papers submitted and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED**

and the Petition be **DISMISSED**.

## II.   Factual Background[1]

On February 21, 1981, Petitioner and another individual robbed a carload of females in the drive-thru of a Jack in the Box restaurant. (Doc. no. 8-2 at 3.) Although the driver of the vehicle complied with John's demands, she was shot and killed. *Id*. Petitioner subsequently drove away in an attempt to flee the scene, refused to comply with commands by law enforcement, and was shot. *Id*. In July of 1981, a jury convicted him of one count of robbery and one count of second degree murder. *Id*. The trial court sentenced Petitioner to twenty-one years to life with a minimum eligible parole date fixed as May 1, 1997. *Id*.

On October 7, 2009, Petitioner attended his third parole consideration hearing, whose decision became final on February 10, 2010. (Doc. no. 8-2 at 3.) The Board noted that Petitioner was disciplined ten times during his incarceration, had a history of drug and alcohol abuse, showed no remorse, and continued to minimize his involvement in the crime. (*Id.* at 4.) Additionally, the District Attorney, the Los Angeles Sheriff, and the victim's family opposed Petitioner's release. (*Id.*) The Board commended Petitioner for his efforts to take vocational training and other self-help courses while incarcerated. (*Id.*) In the end, the Board found Petitioner unsuitable for parole since he presented an unreasonable risk of danger if released from prison. (*Id.*)

## III.   Procedural Background

### A. Petitioner's Earlier Federal Habeas Corpus Petition

Petitioner filed a Petition for a Writ of Habeas Corpus in the United States District Court, Southern District of California on May 13, 2011. (Doc. no. 8-1.) There, Petitioner

---

[1] This background summarizes information from a Report and Recommendation and an Order in an earlier Habeas Corpus case Petitioner filed in this Court in 2011, entitled *Gerry Johns v. McEwen*, Civil No. 11cv1065 JAH (RBB). (*See* Dkt. No. 8 (Lodg. 2 at 3-4; Lodg. 8-3 at 2).) Respondent submitted lodgments from that earlier case in conjunction with the motion to dismiss. (*See* Dkt. No. 8 (Lodg. 1-4.) The Court takes judicial notice of the records in Petitioner's earlier filed case. *Jacobsen v. Mims*, 2013 WL 1284242, *2 (E.D. Cal. 2013) ("the [c]ourt may take judicial notice of court records") (citing cases).

asserted he was deprived of his due process right to a fair and impartial decisionmaker, and that his next parole consideration was deferred in violation of the *ex post facto* clause of the Constitution. (*Id*. at 6-10.) The Court denied with prejudice the due process claims, dismissed his *ex post facto* claim without prejudice to his ability to participate as a class member in a case adjudicating that claim, and denied a certificate of appealability. (Doc. no. 8-3.)

### B. Petitioner's Present Federal Habeas Corpus Petition

Petitioner filed his underlying habeas petition in the San Bernardino Superior Court on December 15, 2014. (*In re Gerry Johns*, Case No. WHCJS1400468). Petitioner's claims were denied on January 6, 2015, and March 11, 2015. (Doc. no. 1 at 3.)

Petitioner then sought review in the California Court of Appeals, alleging the same claims. (*Id*. at 4.) The California Court of Appeals denied Petitioner's habeas corpus petitions on February 4, 2015, and April 30, 2015. (*Id*.) Petitioner sought review of his claims in the California Supreme Court, and those petitions were summarily denied on April 1, 2015 and June 17, 2015. (*Id.* at 15-16.)

Petitioner constructively filed the present federal habeas corpus Petition on July 9, 2015.[2] (Doc. no. 1 at 12.) On October 5, 2015, Respondent filed the currently pending Motion to Dismiss. (Doc. no. 7.) He moves for an order dismissing the Petition because it is untimely filed under the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations and is an improper successive petition. (*Id.* at 1-2.) He also moves to dismiss on the ground that Petitioner's first claim does not allege a violation of any federal law. (*Id*.) Petitioner constructively filed his opposition on October 29, 2015. (Doc. no. 9 at 6-7.) Respondent did not file a reply, and the Court thereafter took the matter under submission.

---

[2] Petitioner is entitled to the benefit of the "mailbox rule," which provides for constructive filing of court documents as of the date they are submitted to prison authorities for mailing to the court. *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

On January 25, 2016, Petitioner constructively filed a motion to supplement his opposition to Respondent's motion to dismiss, and the Court granted leave to do so. (Doc. nos. 11, 12.) On February 18, 2016, Petitioner constructively filed supplemental briefing and exhibits in opposition to the motion to dismiss. (Doc. no. 13.) Respondent did not file a reply. The Court again took the matter under submission.

## IV.   DISCUSSION

### A. Second or Successive Petition

Respondent contends the Petition should be dismissed because it is improperly successive. (Doc. no. 7-1.) Petitioner opposes and argues he does not challenge the Board's 2009 parole denial; instead, he argues the Board failed to set his base period of confinement. (Doc. no. 9 at 2.) For the reasons explained below, the Court concludes that the Petition is successive and the Court lacks jurisdiction to consider it, and thus recommends the Petition be dismissed.

A claim presented in a second or successive habeas corpus application under 28 U.S.C. section 2254 that was presented in a prior habeas corpus application must be dismissed. 28 U.S.C. § 2244(b)(1). "A federal habeas petition is 'second or successive' only if it raises claims that were or could have been adjudicated on the merits in a prior petition." *Remsen v. Harris*, 2014 U.S. Dist. LEXIS 169624, *4-5 (C.D. Cal. 2014) (citing *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *Id.*; citing *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in an earlier petition must be dismissed unless: (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable

factfinder would have found the petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)-(B).  Under such circumstances, a petitioner is also required to obtain authorization from the court of appeals to file a second or successive petition in the district court.  28 U.S.C. § 2244(b)(3).

Here, on May 13, 2011, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court, challenging the Board's 2009 decision.  The Court denied with prejudice the due process claims, dismissed the *ex post facto* claim without prejudice to his participation as a class member in a case that would adjudicate that same claim, denied a certificate of appealability and entered judgment.  (Doc. No. 8-4.)

Now, Petitioner again challenges the Board's 2009 decision on grounds the Board refused to set a release date or calculate a base term of confinement proportional to his culpability for the committed offense.  (Doc. no. 1.)  Petitioner also claims he is serving a disproportionate sentence to the crime committed in violation of the Eighth Amendment.  *Id*.  Yet Petitioner does not explain why he did not raise either of these claims in his prior 2011 federal petition.  *See e.g., Remsen v. Harris*, 2014 U.S. Dist. LEXIS 169624, *6 (C.D. Cal. Sept. 11, 2014) (magistrate judge concluding that the petition was successive where petitioner had a prior opportunity to assert his parole-related claims); *report adopted and petition dismissed in Remsen v. Harris*, 2014 U.S. Dist. LEXIS 169610 (C.D. Cal. Nov. 30, 2014).  Accordingly, this Court lacks jurisdiction over the Petition.  Before a federal habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.  *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  *Wood v. Ryan*, 759 F.3d 1117, 1120-21 (9th Cir. 2014).  Here, Petitioner did not allege or show he obtained an order from the Ninth Circuit Court of Appeals to authorize this Court to consider the Petition.  28 U.S.C. § 2244(b)(3)(A).  Accordingly, this Court does not have jurisdiction and thus recommends the Petition be

dismissed.

## B. AEDPA Statute of Limitations

Respondent also contends Petitioner's petition must be dismissed because it is untimely under AEDPA. (Doc. no. 7 at 1-2.) In particular, he contends that Petitioner's disproportionate sentence claim is "woefully untimely" because 35 years have elapsed since Petitioner was sentenced for his crimes in 1981. (*Id.* at 4.) He also contends that even if the Board's decision denying Petitioner parole triggered the statutory clock, the Petition is still untimely. (*Id.* at 4-5.)

Petitioner does not address Respondent's untimeliness arguments under AEDPA. (*See* Doc. no. 9, *passim*.) For the reasons explained below, this Court concludes, to the extent the Petition is not successive and the Court has jurisdiction over it, that the Petition must be dismissed because it is untimely under AEDPA.

Under AEDPA, a state prisoner has one year from the finality of a state court judgment to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In particular, section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A)-(D) and (d)(2).

Here, as to Petitioner's disproportionate sentence claim, Respondent contends the limitations period began to run when Petitioner's sentence became final. (Doc. no. 7-1 at 4.) Respondent apparently calculates that 35 years elapsed based on the date Petitioner's sentence became final in 1981 to the date Petitioner filed this Petition. (*See id.*)

"State prisoners … whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions." *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). "AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling." *Id.*

Here, Petitioner's conviction became final in 1981, which was before AEDPA was enacted. Petitioner does not include information about his direct review proceedings in the current Petition. (*See* Doc. no. 1 at 2.) However, Petitioner's earlier federal petition indicates he filed a direct appeal in the California Court of Appeal that resulted in his sentence being modified and the judgment affirmed in August of 1981, and that he did not seek direct review in the California Supreme Court. (Doc. no. 8-2 at 2.) If so, his conviction became final 40 days after the Court of Appeal filed its opinion – on or about September of 1981. *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). In any event, Petitioner's conviction became final years before AEDPA was enacted.

Petitioner did not file his underlying petition in San Bernardino Superior Court until December 15, 2014.[3] (*See* Doc. no. 1 at 3 (citing *In re Gerry Johns*, Case No. WHCJS1400468)). The one-year grace period under AEDPA expired on April 24, 1997. Thus, although Petitioner's disproportionate sentence claim is not 35 years untimely as Respondent alleges, Petitioner's claim is untimely by approximately the 17 years that elapsed since April 24, 1997.

---

[3] Petitioner did not provide the date he filed his underlying petition. However, the San Bernardino Superior Court case docket for the underlying petition, *In re Gerry Johns*, Case No. WHCJS1400468, reflects the petition was filed on December 15, 2014.

1    Respondent also asserts that to the extent Petitioner argues the Board's failure to
2 set a release date or calculate his base term triggered the clock, it is also untimely.  (Doc.
3 no. 7 at 4-5.)  This Court agrees.
4    Section 2244(d)(1)(D) applies to habeas petitions challenging parole decisions.
5 *Redd v. McGrath*, 343 F.3d 1077, 1082-83 (9th Cir. 2003).  Under subsection (D), the
6 one year limitation period begins on "the date on which the factual predicate of the claim
7 or claims presented could have been discovered through the exercise of due diligence."
8 28 U.S.C. § 2241(d)(1)(D).  The Ninth Circuit has not yet determined when the factual
9 predicate occurs, though most district courts in California have held that the factual
10 predicate occurs when the Board's parole decision becomes final 120 days after the
11 hearing.  *Smith v. Bd. of Parole Hearings*, 2014 U.S. Dist. LEXIS 81136, *4 (C.D. Cal.
12 2014); *see also* Cal. Pen. Code § 3041(b)(2) ("decision of the parole panel finding an
13 inmate suitable for parole shall become final within 120 days of the date of the hearing").
14    Here, the Board issued its decision on October 7, 2009, and it became final 120
15 days later on February 4, 2010.  Thus, Petitioner would have had until February 4, 2011
16 to file his Petition challenging the Board's failure to set a release date or calculate his
17 maximum base prison term.  But Petitioner filed his Petition on July 15, 2015, which,
18 absent statutory tolling, is more than four years after the limitation period expired.  Even
19 giving Petitioner the benefit of statutory tolling from the date Petitioner filed his first
20 state habeas petition presenting these claims on December 15, 2014 until June 17, 2015
21 when the State Supreme Court denied his final habeas petition, statutory tolling does not
22 save his instant federal Petition.  Accordingly, the Petition is untimely.

### i. Equitable Tolling

24    Because statutory tolling does not save Petitioner's federal habeas petition, the
25 Court next considers whether equitable tolling is applicable.  The AEDPA limitation
26 period may be subject to equitable tolling "if extraordinary circumstances beyond the
27 petitioner's control made timely filing of a federal habeas petition impossible *and* the
28 petitioner has acted diligently in pursuing his rights."  *Vega v. Salazar*, 2009 U.S. Dist.

LEXIS 124137, *13 (C.D. Cal. 2009) (emphasis in original) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quitable tolling is unavailable in most cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Here, the Petition does not set forth any facts, nor does the record contain any evidence, for equitable tolling. Thus, the Petition remains untimely and to the extent the Court has jurisdiction over the Petition, Respondent's motion to dismiss should be granted.

### C. Petitioner's Supplemental Briefing

In Petitioner's supplemental briefing, Petitioner asserts he recently learned that the Board calculated his primary base term of confinement and that these calculations demonstrate he is serving a disproportionate sentence. (Doc. no. 13 at 3-4.) He attached documents in alleged support of his position. (Doc. no. 13-2 at pp. 2-9.)

As explained above, the Petition is untimely and improperly successive and thus should be dismissed. But even if this Court could reach the merits of his claims, the exhibits on which Petitioner relies do not demonstrate the Board calculated his base term of confinement. Rather, the documents consist of the forms used to calculate a Minimum Eligible Parole Date ("MEPD") for an inmate serving an indeterminate life term, and an Earliest Possible Release Date ("EPRD") for an inmate serving a determinate term. (Doc. no. 13-2 at 3-4.) The MEPD form is used to calculate when an inmate first becomes eligible to appear before the Board to determine if he is suitable for release. Cal. Pen. Code § 3041. The EPRD form is used to calculate the earliest possible date for release based on an inmate's determinate sentence. (Doc. no. 13-2 at 4.) As such, none of the documents attached to Petitioner's supplemental briefing demonstrate that the Board calculated his base term of confinement as a result of determining him suitable for parole. They also do not support his contention that such calculations show he is serving a disproportionate sentence.

Lastly, the Court notes that Petitioner stated in his supplemental briefing that he withdraws a portion of his first claim in light of the purported information showing the Board calculated his base term.  (Doc. no. 13 at 3-4.)  Given that the documents do not show his base term was calculated, and in light of the requirements that *pro se* pleadings are given liberal construction, the Court addressed the entirety of Petitioner's claims in this Report.

## V. CONCLUSION

For the above reasons, this Court **RECOMMENDS** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) **GRANTING** Respondent's motion to dismiss the Petition for Writ of Habeas Corpus.

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**IT IS ORDERED** that no later than **March 30, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 13, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  March 16, 2016

_____
Hon. Nita L. Stormes
United States Magistrate Judge